### Lee H. GOLDSTEIN

v.

### RHODE ISLAND PSYCHIATRIC SOCIETY.

No. 95–553–Appeal.

Supreme Court of Rhode Island.

April 8, 1997.

---

Jeffrey M. Padwa, Brookline, MA and Michael S. Schwartz, Providence, for Plaintiff.

William E. O'Gara, R. Daniel Prentiss, Providence and Lauren Malson, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG and FLANDERS, JJ.

## OPINION

PER CURIAM.

This case came before a hearing panel of this court for oral argument February 18, 1997, pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the extensive memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised should be decided at this time.

The Rhode Island Psychiatric Society (RIPS) has appealed from an order denying its motion for summary judgment and enjoining it from proceeding with a hearing in respect to the conduct of Lee H. Goldstein, D.O. (plaintiff). The RIPS is a state chapter or district branch of the American Psychiatric Association (APA). The APA is a national organization of psychiatrists which has more than forty state chapters throughout the country. The national organization has adopted ethical standards by which its members have agreed to be bound. These standards are published in a manual that includes procedures for dealing with complaints in regard to unethical conduct. The procedures inter alia provide for an ethics-review process consisting of investigations, hearings, and appeals.

The plaintiff is a practicing psychiatrist in Rhode Island and a member of RIPS as well as the APA. As a result of a complaint from a former patient, plaintiff entered into a consent order on November 18, 1992, with the Department of Health, Board of Medical Licensure and Discipline (the board), which acknowledged unprofessional conduct for referring a patient to speak with a "white witch" about a spirit that he felt was disturbing the patient's current relationships. The complaint had further alleged that plaintiff had facilitated and participated in a telephone conference that involved the white witch and the patient. This conduct was alleged to be in violation of G.L.1956 § 5–37–5.1(19). During the pendency of this disciplinary process the board requested an expert opinion from RIPS relative to the charges. The expert opinion was rendered by RIPS's peer-review committee as authorized by § 5–37–1(10)(a). The request of the board contained no reference to the identity of the physician under investigation or of the complainant. The expert opinion submitted by RIPS's peer review committee indicated that plaintiff had engaged in unprofessional conduct. At the completion of the investigation the board imposed sanctions upon plaintiff including a fine and a suspension from practice that was stayed.

Thereafter, on April 10, 1993, plaintiff was notified by the chairperson of RIPS's ethics committee that it intended to conduct an investigation of plaintiff based upon the same complaint that had been considered by the board. The unidentified complainant had contacted RIPS after RIPS had requested the board inform the complainant about RIPS's investigation. After RIPS had inves-

tigated the complaint, plaintiff was further informed of a hearing to be scheduled January 25, 1995.

The plaintiff sought relief by filing a complaint in the Superior Court to enjoin RIPS from conducting any hearing or making any determinations concerning plaintiff's alleged unprofessional conduct. The RIPS responded with a motion to dismiss the complaint or in the alternative a request for summary judgment. A justice of the Superior Court after a hearing denied the motion for summary judgment filed by RIPS and enjoined it from "processing or acting upon the ethics complaint filed against the plaintiff." The trial justice, in granting the injunction, relied upon the doctrine of res judicata, holding that the prior advisory opinion of RIPS's peer-review committee had made RIPS a party to the action and thereby barred it from considering or acting upon a complaint based upon the same conduct. To some extent the trial justice relied upon our opinion in *Department of Corrections v. Tucker*, 657 A.2d 546 (R.I.1995). We respectfully disagree with this analysis and reverse the judgment of the Superior Court.

Unlike the situation in *Tucker* wherein two quasi-judicial agencies of the state had purported to deal with the same conduct, RIPS is not a quasi-judicial agency of the state, nor is it clothed with any judicial or administrative authority. It is a purely private organization in which membership is voluntary and not required in order to practice medicine or psychiatry. We are of the opinion that RIPS, by rendering an expert opinion, did not become a party to the proceedings before the board. At most it may have acted in the capacity of an expert witness.

For the reasons stated, the doctrine of res judicata does not apply to prevent RIPS from considering a complaint of unprofessional conduct based upon the same conduct as that considered by the board. The entry of an injunction against processing, hearing, or determining such a complaint was in error. Normally the denial of a motion for summary judgment would not be appealable to this court, but since that issue was combined with an appeal from an injunction, that was final in form, we shall consider it on the merits. The basis for the action brought in the Superior Court was flawed since it rested on the inapplicable doctrine of res judicata. Consequently RIPS was entitled to the entry of summary judgment in its favor.

Therefore, the defendant's appeal is sustained and the judgment of the Superior Court is reversed. The papers in the case are remanded to that court with directions to enter summary judgment in favor of RIPS.

BOURCIER, J., did not participate.